# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bhupinder Singh, | No. CV-26-01735-PHX-SHD (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. Petitioner alleged he was previously released from immigration detention in 2022 and re-detained without due process. The Petition is fully briefed. (Doc. 6-7.) The Court will grant the Petition and direct Petitioner's immediate release from custody.

## I.      Background

Petitioner is a citizen of India who entered the United States in August 2022. (Doc. 1 ¶ 1.) After a short period of detention, Petitioner was released into the United States on his own recognizance. (Doc. 6 at 2.) Petitioner was re-detained on November 19, 2025, after appearing for a routine check-in. (Doc. 1 ¶ 3.)

## II.     Discussion

### A. Pre-Deprivation Hearing

Respondents indicate "[a]lthough it is unclear what authority immigration officials identified to justify Petitioner's initial release, it must have been 8 U.S.C. § 1182(d)(5)." (Doc. 6 at 2 n.2.)  But Respondents do not provide Petitioner's Notice to Appear or

provide any evidence to support their assertion that Petitioner's removal proceedings were initiated under 8 U.S.C. § 1225.  Respondents further maintain "there is no statutory or regulatory requirement that entitles Petitioner to a 'pre-deprivation' hearing." (Doc. 6 at 2.)  But the cases cited by Respondents are inapposite to the circumstances presented here. (*See id.* at 3-4.)  First, Respondents cite *United States v. Cisneros*, No. 19-CR-00280-RS-5, 2021 WL 5908407, at *4 (N.D. Cal. Dec. 14, 2021), for the proposition that "[t]he law does not require a hearing before arrest where a noncitizen released from ICE custody had been picked up by the San Francisco Police Department for assault." (Doc. 6 at 3-4.)  But that is because probable cause would be present to support an individual's arrest in the first instance.

Respondents also point to *Reyes v. King*, No. 19 CIV. 8674 (KPF), 2021 WL 3727614, at *11 (S.D.N.Y. Aug. 20, 2021), which held "the Court is not persuaded that it should find a due process right to a pre-detention hearing where a noncitizen, subject to pending removal proceedings and in the midst of litigating a dispute over the BIA's decision to revoke her bond, is at risk of being re-detained after being at liberty for more than two years."  But *Reyes* involved a scenario where there *was* a purported justification for revoking petitioner's bond and, moreover, the district court ordered petitioner to receive a bond hearing within seven days of being re-detained if respondents elected to re-detain her.

Finally, in *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *8 (N.D. Okla. June 12, 2025), while the district court determined the statutory scheme did not prohibit the revocation of petitioner's bond, the court did not address petitioner's constitutional claim.

In contrast, there is a body of authority holding that individuals like Petitioner who were released from immigration detention on an order of recognizance are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See, e.g., Tinoco v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3567862, at *2, *5-7 (E.D. Cal. Dec. 14, 2025) (granting petitioner's temporary restraining order for immediate release

- 2 -

from custody where petitioner was released on an order of release on recognizance, re-detained three years later, and was not given a bond hearing); *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182-84 (D. Haw. 2025) (same); *Aguirre Solis v. Noem*, No. 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at \*2, \*5 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the INA and the Due Process Clause of the Fifth Amendment and ordering her immediate release from detention).

The three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)—which Respondents do not address—evaluates compliance with "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (when assessing the first *Mathews* factor, considered the petitioner's interests at stake in ongoing detention). An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.")); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The first *Mathews* factor favors Petitioner.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *Dushyant v. Albarran*, No. 1:26-cv-00502-JLT-SKO (HC), 2026 WL 682887, at *4 (E.D. Cal. Mar. 11, 2026) (citation omitted). "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Id.* (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). No neutral arbiter has determined whether the facts show that Petitioner is a flight risk or danger to the community. "Given the absence of any procedural safeguards to determine if [his] detention was justified, 'the probable value of additional procedural safeguards, i.e., a bond hearing, is high.'" *Id.* (citation omitted). The Court concludes there is a risk of erroneous deprivation if no facts are provided to justify the re-detention of individuals without a neutral decisionmaker first evaluating whether re-detention is warranted. The second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). And Respondents' interest here is even lower because Petitioner was previously released on his own recognizance after immigration officials necessarily determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his release. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, No. 2:26-cv-00363-GJL, 2026 WL 696806, at *9 (W.D. Wash. Mar. 12, 2026) (concluding that re-detention of petitioners who had been released on their own

- 4 -

recognizance violated due process under the *Mathews* framework because petitioners had "established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations," and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained. The Court further finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy. *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after detainee was re-detained following parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release").

**B. Detention Under § 1225(b)(2)(A)**

Respondents also argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). But Respondents again ignore that they did not provide any evidence to support their argument Petitioner was placed in removal proceedings as an arriving alien and applicant for admission under 8 U.S.C. § 1225(b). Based on the concession in Respondents' response that Petitioner was released on his own recognizance—which is unavailable to an arriving alien—the Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. Oct. 3, 2025).

For all these reasons, the Petition will be granted, and Petitioner will be ordered

released from custody immediately.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's due process claim. The remainder of the Petition is denied as moot.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his re-detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of July, 2026.

Honorable Sharad H. Desai
United States District Judge